JOSEPH A. BRAYNARD and JOHN H. BRAYNARD v. PLUMMER BURPEE.

*Continuance of justice suit for notice to an absent defendant. Release by one of two plaintiffs. Interest of trustee in the judgment between the principal parties.*

A justice suit can be continued for notice to an absent defendant only by the justice before whom the suit is brought. A continuance, for such notice, by another justice, who continues the suit on account of the absence of the justice who signed the writ, will be inoperative for that purpose.

One of two complainants in an *audita querela*, and especially the one to whom the ground of the complaint is personally applicable, may release and discharge the suit without the concurrence of the other.

A person, who is adjudged trustee in a suit, has no such interest in the judgment, recovered in the same suit, against the principal defendant, as will enable him to avoid the effect of any arrangement which may be made between the principal parties, respecting it.

AUDITA QUERELA. The complaint alleged that the defendant prayed out a writ in his favor against the complainants, as partners, and one George M. Cargill, as their trustee, returnable before Earl Cate, Esq., justice of the peace, on the 1st day of January, 1852, which was served personally upon the trustee and the complainant, John H. Braynard, and by leaving a copy with the wife of the complainant, Joseph A. Braynard, at his last and usual place of abode; that on the return day of said writ the said Cate was unable to attend at the time and place appointed for trial, and the cause was continued, on account of his absence, by another justice, to the 8th day of January, 1852, when judgment was rendered in favor of the defendant against both of the complainants, by default; and the said Cargill adjudged to be their trustee, &c.; that at the time of both the service of said writ and the rendition of said judgment, the complainant Joseph A., resided out of the state, and had not been in the state since the issuing of said writ, and that he had no notice of the commencement or pendency of said suit, which the defendant and justice well knew, and that it so appeared before said justice, but that he did not continue said suit for notice, but rendered judgment against the said Joseph H., by default, whereby he was deprived of his day in court, &c. Plea, the general issue, and a release after suit brought. Trial by the court, June Term, 1853,— POLAND, J., presiding. The complainants introduced a copy of the justices record, showing the service of the writ, the continuance of the cause by another justice, and the rendition of judgment by default, &c., as alleged; but the continuance was stated as being "on account of the absence of the justice who signed the writ and for notice." It was admitted by the defendant that the said complainant Joseph A. Braynard was absent from the state at the time of the service of the writ, and did not return or have any notice of the suit until after the rendition of judgment therein. The defendant introduced a written discharge from the complainant, Joseph A. Braynard, a copy of which will be found in the opinion of the court. The county court thereupon rendered judgment for the complainants, to which the defendant excepted.

*T. P. Redfield*, for the defendant.

*H. F. Prentiss*, for the complainants.

The opinion of the court was delivered by

BENNETT J. It is claimed by the defendant, that as the suit, on the return day of the writ, was continued by another justice, because of the absence of the justice who signed the writ, the requisite length of time, and for notice, it was the same thing in effect as if the continuance had been by the justice who signed the writ, and that the judgment was consequently regular. But we think the justice, who continued the cause, had only jurisdiction over it for the naked purpose of a continuance, leaving the case to be proceeded with by the justice who issued the writ, on the day to which it had been continued, in the same way as if that had been the return day of the writ. The object of the legislature was simply to furnish a means of preventing a discontinuance of the action by reason of the absence of the justice who signed the writ on its return day. When this is answered, the object of the statute is answered.

The only question remaining is in relation to the effect of the discharge of J. A. Braynard, which was given in evidence on the trial of the action. The discharge is by the individual party, who had no notice of the suit, and is as follows, to wit : " In considera-" tion of one dollar, received of Plummer Burpee, I hereby dis-" charge and discontinue a suit, now pending in Orleans county " court in favor of J. H. and J. A. Braynard and against the said " Burpee, said action being an *audita querela*," &c. It should be remarked, that this is not an executory agreement to discharge the suit, but the language is, "I hereby discharge said suit, &c," We think this discharge must be as operative, as it would have been, if it had been signed by both of the plaintiffs. It is well settled, that if one of two joint promisees or obligees discharge the promise or obligation, it is, in legal effect, a discharge by both.

This principle arises from their community of interest. So if two persons recover a joint judgment, a discharge by one of them is, in legal effect, a discharge by both; and if two co-plaintiffs join in a writ of error, a release of all errors by one of them, would be a bar to the prosecution of the writ of error by both, and we think a discharge of the *audita querela* by one, and especially by the one, who had any good ground of complaint, must be a full defence to the action. Upon this point the judgment of the county court is reversed, and the cause is remanded.

Upon the cause being remanded to, and reëntered in the county court, the complainants replied to the defendant's plea of release, that George M. Cargill, the person who was summoned as a trustee in the justice suit, in favor of the defendant against the complainants, was wrongfully adjudged chargeable, and this suit was commenced and prosecuted for his benefit, in the name of the plaintiffs, and by their express consent, given in their behalf by John H. Braynard which was well known to the defendant before the making and delivery of said release, &c.

To this replication, the defendant demurred; and the county court, June Term, 1854,—PECK, J., presiding,—adjudged it insufficient, to which the complainants excepted.

*H. F. Prentiss*, for the complainants.

*T. P. Redfield*, for the defendant.

The opinion of the court was delivered by.

BENNETT, J. We apprehend that Cargill, the trustee, has no such interest in the judgment as will enable him to avoid the effect of the discharge.

He was not an assignee of the judgment, and had no lien upon it. He stood as an entire stranger to the judgment as between the original parties. If the trustee was wronged in being adjudged chargeable, the wrong cannot be righted in this way.

The judgment of the county court is affirmed.